(February 19, 2002)

■ SUSAN C. CARPENTER, Respondent, v BROOKS BANKER, JR., Appellant. [738 NYS2d 44] —Judgment, Supreme Court, New York County (Barbara Kapnick, J.), entered August 15, 2000, which granted plaintiff's motion for a permanent stay of arbitration, unanimously reversed, on the law, without costs, and the motion denied.

At issue is the clause in the separation agreement entered prior to the parties' divorce that provided "[a]ny claim or controversy under the Agreement relating *only to the payment of money* shall be settled by arbitration * * *." The separation agreement established the respective financial rights of the parties including, inter alia, the ownership of a significant number of shares of stock in a large privately held company for which plaintiff wife served as General Counsel and as a member of the Board of Directors. The agreement provided that the husband was to receive a monetary amount reflecting a portion of the valuation of the stock. Although marital property, the shares were held in the wife's name. In determining the value of the shares, the wife made certain representations and warranties. Defendant husband argues that shortly after the separation agreement was signed, the company made plans to go public, with a consequential effect on value, and that his wife was necessarily aware of these plans, but did not disclose them, in contradiction to the representations in the separation agreement. He alleges that she subsequently sold the shares for a significant profit in a stock swap, of which he is now entitled to a portion reflecting the formula set forth in the separation agreement. He also alleges that, contrary to one of the representations in the separation agreement, in fact, she had received significant shares dividend during the pendency of divorce proceedings, to which he also is entitled to a share. These claims basically sound in breach of contract, representations and warranties, and are amenable to a monetary

resolution. Contrary to plaintiff's contention, damages can be ascertained and, if appropriate, awarded, without rescinding the existing agreement or directing other equitable relief. Nor is the fact of a standard boilerplate release at the conclusion relevant, insofar as the release only operates upon enforcement of the agreement, the very result which defendant seeks to achieve. Concur—Tom, J.P., Andrias, Wallach and Buckley, JJ.,